James S. Yu, Esq.
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant Carolyn Garner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CONNOR GROUP, INC.,

        Plaintiff,

    vs.

CAROLYN GARNER

        Defendant.

-----------------------------------------------------------------x

Civil Action No. _____

**NOTICE OF REMOVAL**

Defendant Carolyn Garner ("Garner"), by her attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal with respect to the case identified as *Connor Group, Inc. v. Carolyn Garner*, Index No. 652015/2022, from the Supreme Court of the State of New York, County of New York (the "State Court Action"). In support of this Notice, Garner states as follows:

## BACKGROUND

1. Garner seeks removal of this matter based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. On or about April 29, 2022, plaintiff Connor Group, Inc. ("Plaintiff") commenced a civil action by filing a Summons and Complaint in the State Court Action, naming Garner as a defendant. A true and correct copy of the Summons and Complaint is annexed hereto as Exhibit A.

2.      By email dated February 4, 2022, defendant received notice of the action via email from Plaintiffs' counsel, attaching a copy of the Summons and Complaint. To date, Plaintiff has not been personally served with the Summons and Complaint.

## STANDARD OF REVIEW

3.      Garner removes this matter from state court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Specifically, 28 U.S.C. § 1332 sets forth: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States … ."

4.      Additionally, section 1332 defines a corporation's citizenship, for purposes of diversity, as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

5.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Regarding the timing of removal, 28 U.S.C. § 1446 explains in part that: "Each defendant shall have 30 days after receipt by or service on the defendant of the initial pleading or summons . . . to file the notice of removal."

## TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely filed pursuant to 28. U.S.C. § 1446(b), having been filed within thirty (30) days after Garner's initial receipt of the Summons and Complaint, which is the "pleading from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b).

**BASIS FOR REMOVAL**

8. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists in this Court. Because Plaintiff and Garner enjoy diversity and the amount in controversy exceeds $75,000, removal is proper. Accordingly, this court has original jurisdiction over this matter.

**I.   Jurisdiction**

9. According to the Complaint, Plaintiff is a Nevada corporation. (Compl. ¶ 1.) Its principal place of business is located at 3700 Barron Way, Suite 2, Reno, Nevada. Attached hereto as Exhibit B is the entity information printed from the website of the Nevada Secretary of State. *See also* esos.nv.gov/EntitySearch/BusinessInformation.

10. Pursuant to 28 U.S.C. Section 1332(c)(1), "For purposes of this section and section 1441 of this title – a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…" On this basis, Plaintiff is a citizen of Nevada.

11. Defendant Garner is an individual residing in the State of New York, County of New York. (Compl. ¶ 3.)

12. Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states.

13. Moreover, venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), as this is the federal district court for the district embracing the place where the state court suit is pending.

**II.   Amount in Controversy**

14. Upon information and belief, the amount in controversy is in excess of $75,000, exclusive of interest and costs. In the Complaint, Plaintiff seeks damages in an amount to be determined at trial and injunctive relief arising from allegations that Garner allegedly breached

certain restrictive covenants contained in agreements with Plaintiff.  (Compl. ¶¶ 53-80.)  The Complaint also contains a separate cause of action for contractual indemnification and attorneys' fees.  (Compl. ¶¶ 81-83.)  In addition, Plaintiff seeks an award of punitive damages.  (Compl. at 16.)

15. Thus, removal is proper as this Court has subject-matter jurisdiction and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**PROCESS, PLEADINGS AND ORDERS IN THE STATE COURT ACTION**

16. Pursuant to 28 U.S.C. § 1446(a), the following constitutes all of the process, pleadings or orders received or served on Garner in the State Court Action:

| Exhibit A | Summons and Complaint, with Exhibits A through F, filed April 29, 2022 |
| --- | --- |
| Exhibit C | Proposed Order to Show Cause, filed April 29, 2022 |
| Exhibit D | Attorney Affirmation in Support of Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction (without exhibit), filed April 29, 2022 |
| Exhibit E | Memorandum of Law in Support of Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction, filed April 29, 2022 |
| Exhibit F | Order to Show Cause, signed by Hon. Melissa A. Crane, entered on May 3, 2022 |
| Exhibit G | Affidavit of Service, filed on May 4, 2022 |
| Exhibit H | Affidavit of Service, filed on May 4, 2022 |

17. No other process, pleadings or orders have been served upon Garner.  *See* 28 U.S.C. § 1446(a).  Pursuant to § 1447(b), the documents annexed hereto constitute "all records and proceedings" in the state court.  A copy of the docket in the State Court Action is attached hereto as Exhibit I.

## NOTICE TO STATE COURT

18. Pursuant to § 1446(d), Garner shall promptly give written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of New York, located at 60 Centre Street, New York, New York 10007, notifying that court of this removal. A copy of the state court notice to be filed (without exhibits) is attached hereto as Exhibit I.

WHEREFORE, Defendant Garner hereby effects the removal of the cause and requests that this Court maintain jurisdiction over it provided by law.

Dated: New York, New York
　　　　May 12, 2022

　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP


　　　　　　　　　　　　　　　　　　By　　*/s/ James S. Yu*
　　　　　　　　　　　　　　　　　　　　James S. Yu
　　　　　　　　　　　　　　　　　　　　620 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10018-1405
　　　　　　　　　　　　　　　　　　　　Tel: (212) 218-5500
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Carolyn Garner*

To:　　Matthew D. Miller, Esq.
　　　　Rupp Baase Pfalzgraf Cunningham LLC
　　　　1600 Liberty Building
　　　　Buffalo, New York 14202-3694
　　　　Tel: (716) 854-3400
　　　　*Counsel for Plaintiff Connor Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true copy of the foregoing was served by Federal Express and by e-mail upon all parties of record as follows:

>Matthew D. Miller, Esq.
>Rupp Baase Pfalzgraf Cunningham LLC
>1600 Liberty Building
>Buffalo, New York 14202-3694
>Email: miller@ruppbaase.com
>*Counsel for Plaintiff Connor Group, Inc.*

Dated: New York, New York
       May 12, 2022

>>>*/s/ James S. Yu*
>>>James S. Yu

14817822v.2